UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

OSCAR DANIEL VIDALES-SANTIVANEZ,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

No. 1:26-CV-309-H

**ORDER**

Oscar Daniel Vidales-Santivanez entered the United States ten years ago. In March 2025, Vidales-Santivanez was arrested by Texas law-enforcement authorities in connection with state criminal charges. Dkt. No. 1 ¶¶ 27–28. He was then charged as a deportable alien, placed into removal proceedings, transferred to ICE custody, and held in detention pursuant to 8 U.S.C. § 1226. *See* Dkt. No. 7 at 2. Vidales-Santivanez was afforded a bond hearing, during which the Immigration Judge determined that he was a flight risk. Dkt. No. 1-3 at 195. He has been detained without bond ever since. *See* Dkt. No. 7 at 5. Before the Court is Vidales-Santivanez's habeas petition, which demands his immediate release or a bond hearing based on the text of the INA, the Fifth Amendment, the APA, the Fourth Amendment, and the *Accardi* doctrine. Dkt. No. 1.

The Court has carefully considered the factual allegations and legal contentions raised in the petition, and it has determined that the INA strips the Court of jurisdiction over Vidales-Santivanez's *Accardi* claim because he has received a bond hearing from an immigration judge and was denied bond after the Immigration Judge determined that he

was a flight risk.[1] 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General . . . regarding the detention of any alien or the revocation or denial of bond or parole."); *see Loa-Herrera v. Trominski*, 231 F.3d 984, 991 (5th Cir. 2000).

Binding precedent, however, dictates that Section 1226(e) does not bar "constitutional challenges to statutes authorizing the detention of aliens" or even certain statutory challenges to the government's detention authority. *Najera v. United States*, 926 F.3d 140, 143–44 (5th Cir. 2019) (first citing *Demore v. Kim*, 538 U.S. 510, 517 (2003); and then citing *Jennings v. Rodriguez*, 583 U.S. 281, 295–96 (2019)). But the Court has considered hundreds of habeas petitions that sought relief on the same grounds raised in the remaining claims in Vidales-Santivanez's petition, and it has determined that:

- Binding Fifth Circuit precedent holds that "alien[s] present in the United States who [have] not been admitted or who arrive[] in the United States" are subject to mandatory detention under Section 1225(b)(2)(A). *Diaz Patino v. Villegas*, 822 F. Supp. 3d 718, 723 (N.D. Tex. 2026) (discussing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026)); *see also Garibay-Robledo v. Noem*, 814 F. Supp. 3d 747 (N.D. Tex. 2026) (adopting this position prior to *Buenrostro-Mendez*).

- Habeas relief is unwarranted for an alleged Fourth Amendment violation. *Hong v. Mullin*, No. 1:26-CV-037, Dkt. No. 15 at 9–10 (N.D. Tex. Apr. 21, 2026) (rejecting limiting construction on Section 1225); *Nnamdi v. Warden, Eden Det. Ctr.*, No. 6:26-CV-248, Dkt. No. 6 at 4–5 (N.D. Tex. July 16, 2026).

- A binding precedential stay issued by the Fifth Circuit forecloses the grant of habeas relief as a matter of substantive and procedural due process. *Sosnava Rodriguez v. Ortega*, 183 F.4th 387 (5th Cir. 2026).[2] Even were the stay not in

[1] In any case, even if not barred by Section 1226(e), the Court would conclude—as it has in many prior cases—that *Accardi* claims, including *Accardi* claims seeking relief from mandatory detention under Section 1225(b)(2)(A), are not cognizable in habeas. *Chi v. Warden, Bluebonnet Det. Facility*, No. 1:26-CV-067, 2026 WL 1062625, at *5–6 (N.D. Tex. Apr. 13, 2026).

[2] The Fifth Circuit had previously vacated the original panel opinion in *Sosnava Rodriguez*, which held that the Due Process Clause required a bond hearing within 90 days of detention. *See* 183 F.4th 387. The motion for stay specifically sought relief as a precedential matter to foreclose relief beyond the consolidated cases pending in *Sosnava Rodriguez*. Nos. 26-50183, 26-50219, & 26-50221, Dkt. No. 178-1.

effect, the Due Process Clause does not require relief in these circumstances. *Diaz Patino*, 822 F. Supp. 3d at 723–26; *Garibay-Robledo*, 814 F. Supp. 3d at 759–60. And the three-factor *Mathews* test is inapplicable to aliens detained under Section 1225(b)(2)(A). *Diaz Patino*, 822 F. Supp. 3d at 723–26.

- APA claims that sound in habeas, including APA claims seeking relief from mandatory detention under Section 1225(b)(2)(A), are not cognizable in habeas. *Garibay-Robledo*, 814 F. Supp. 3d at 760.

Vidales-Santivanez's arguments in the petition are the same as the arguments raised in the cases above. The Court previously found these arguments unavailing. The Court has considered them anew in this petition and concludes that habeas relief is unwarranted. The petition (Dkt. No. 1) is denied.

So ordered on August 28, 2026.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE